IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| MINGOE CONSULTING LLC,<br><br>    Plaintiff,<br><br>v.<br><br>ASUSTEK COMPUTER INC.,<br><br>    Defendant. | CASE NO. 2:25-cv-770 |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Mingoe Consulting LLC ("Mingoe" or "Plaintiff") hereby files this Original Complaint for Patent Infringement against ASUSTeK Computer Inc. ("ASUS" or "Defendant"), and alleges, upon information and belief, as follows:

**THE PARTIES**

1. Mingoe Consulting LLC is a corporation organized and existing under the laws of the State of Texas with its principal place of business at address of 6275 W Plano Pkwy, Plano, TX 75093.

2. On information and belief, Defendant ASUSTeK Computer Inc. is a foreign company organized and existing under the laws of Taiwan, having its principal place at No. 15, Li-Te Road, Beitou District, Taipei 112, Taiwan.

3. As shown below, ASUS describes itself as a "global technology leader" that is "known for the world's best motherboards and high-quality personal computers, monitors, graphics cards, routers and other technology solutions." One of its American affiliates is ASUS Computer International.



Established in 1989, ASUS is a multinational company known for the world's best motherboards and high-quality personal computers, monitors, graphics cards, routers and other technology solutions. Today, ASUS is designing and building next-generation smart technologies to provide incredible experiences that enhance the lives of people everywhere.

*See* ASUS History, ASUS, available at https://www.asus.com/about-asus-history/.

4. Defendant and its affiliate share the same management, common ownership, advertising platforms, facilities, distribution chains and platforms, and accused product lines and products involving related technologies.

5. Defendant and its affiliate regularly contracts with customers regarding products made for or on behalf of those customers.

6. Thus, Defendant and its affiliate operates as a unitary business venture and is liable for the acts of patent infringement alleged herein.

## JURISDICTION AND VENUE

7. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, et seq.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. Defendant is subject to this Court's specific and general personal jurisdiction under due process due at least to Defendant's substantial business in this judicial district, in the State of Texas and in the United States, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly transacting, doing, and/or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in Texas and in this District. 12. Specifically, Defendant intends to do and does business in, and has committed acts of infringement in this District, in this State of Texas, and in the United States,

directly, through intermediaries, by contributing to and through its inducement of third parties, and offering its products or services, including those accused of infringement here, to customers and potential customers located in this District. 13. Defendant has purposefully directed infringing activities at residents of the State of Texas, and this litigation results from those infringing activities. Defendant regularly sells (either directly or indirectly), its products within this District. For example, upon information and belief, Defendant has placed its products into the stream of commerce via an affiliate, *see* ¶¶ 5-8, *supra*, with the knowledge or understanding that such products are being sold in this Judicial District and the State of Texas. Defendant is subject to this Court's specific and/or general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due to its substantial and pervasive business in this State and District, including its infringing activities alleged herein, from which Defendant derives substantial revenue from goods sold to residents and consumers. 14. Defendant sells, offers for sale, uses, makes and/or imports products that are and have been used, offered for sale, sold, and purchased in the Eastern District of Texas, and Defendant has committed acts of infringement in the Eastern District of Texas, has conducted business in the Eastern District of Texas, and/or has engaged in continuous and systematic activities in the Eastern District of Texas.

9. Venus is proper in this District pursuant to 28 U.S.C. § 1391 because, among other things, Defendant is not a resident of the United States, and thus may be sued in any judicial district, including this one, pursuant to 28 U.S.C. § 1391(c)(3). *See also In re: HTC Corporation*, 889 F.3d 1349, 1357 (Fed. Cir. 2018) (holding that "[t]he Court's recent decision in TC Heartland does not alter" the alien-venue rule).

## PATENTS-IN-SUIT

1. Plaintiff is the sole and exclusive owner, by assignment, of U.S. Patent No. 8,407,411 (the "'411 Patent and the "Patents-in-Suit").

2. By written instruments executed, Plaintiff has exclusive license all rights, title, and interest in the Patents-in-Suit. As such, Plaintiff has sole and exclusive standing to assert the Patents-in-Suit and to bring these causes of action.

3. The Patents-in-Suit are valid, enforceable, and were duly issued in full compliance with Title 35 of the United States Code.

4. The Patents-in-Suit have been in full compliance with compliance 35 U.S.C. § 287 through either (1) actual notice with affirmative communication of a specific charge of infringement by a specific accused product or device or (2) providing constructive notice—i.e., appropriately marking its products. *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 950 F.3d 860, 864 (Fed. Cir. 2020) ("*Artic Cat II*"). Alternatively, the notice provisions do not apply because the patents are directed to methods and/or the patentee has never made or sold a patented article. *Id.*

5. The Patents-in-Suit have been cited by well-known industry leaders, including industry giants Samsung and IBM.

6. The Patents-in-Suit each include numerous claims defining distinct inventions. No single claim is representative of any other.

7. The priority date of the Patents-in-Suit is at least as early as June 28, 2010. The Patents-in-Suit generally relate to the area of Dynamic Random-Access Memory (DRAM) technology, more particularly to an operation frequency adjusting system for DRAM and a method thereof.

8. As of the priority dates, the inventions as claimed were novel, non-obvious, unconventional, and non-routine. Indeed, the Patents-in-Suit overcame a number of specific technological problems in the industry and provided specific technological solutions.

9. The claims of the Patents-in-Suit are patent eligible under 35 U.S.C. § 101, 102, 103, and 112, as reflected by the fact that three different Patent Examiners all agreed and allowed the Patents-in-Suit over extensive prior art as disclosed and of record during the prosecution of the Patents-in-Suit. *See Stone Basket Innov.,* 892 F.3d at 1179 ("when prior art is listed on the face of a patent, the examiner is presumed to have considered it") (citing *Shire LLC v. Amneal Pharm., LLC,* 802 F.3d 1301, 1307 (Fed. Cir. 2015)); *Exmark Mfg. v. Briggs & Stratton,* 879 F.3d 1332, 1342 (Fed. Cir. 2018).

10. After giving full proper credit to the prior art and having conducted a thorough search for all relevant art and having fully considered the most relevant art known at the time, the United States Patent Examiners allowed all of the claims of the Patents-in-Suit to issue. In so doing, it is presumed that Examiners used their knowledge of the art when examining the claims. *See K/S Himpp v. Hear-Wear Techs., LLC,* 751 F.3d 1362, 1369 (Fed. Cir. 2014). It is further presumed that Patent Examiners had experience in the field of the invention, and that the Patent Examiners properly acted in accordance with a person of ordinary skill. *In re Sang Su Lee,* 277 F.3d 1338, 1345 (Fed. Cir. 2002).

11. The claims of the Patents-in-Suit are novel and non-obvious, including over all non-cited art that is merely cumulative with the referenced and cited prior art. *See* 37 C.F.R. § 1.56(b) (information is material to patentability when it is not cumulative to information already of record in the application); *see also AbbVie Deutschland GmbH v. Janssen Biotech,* 759 F.3d 1285, 1304 (Fed. Cir. 2014); *In re DBC,* 545 F.3d 1373, 1382 (Fed. Cir. 2008). Likewise, the claims of the Patents-

in-Suit are novel and non-obvious, including over all non-cited contemporaneous state of the art systems and methods, all of which would have been known to a person of ordinary skill in the art, and which were therefore presumptively also known and considered by the Examiners. *See, e.g., St. Clair I.P. Consultants v. Canon, Inc.,* 2011 WL 66166 at *6 (Fed. Cir. 2011); *In re Sang Su Lee,* 277 F.3d 1338, 1345 (Fed. Cir. 2002); *In re Koninklijke Philips Patent Litigation,* 2020 WL 7392868 at *19 (N.D. Cal. 2020); *Standard Oil v. American Cyanamid,* 774 F.2d 448, 454 (Fed. Cir. 1985) (persons of ordinary skill are presumed to be aware of all pertinent prior art).

## THE ACCUSED INSTRUMENTALITIES

12. Upon information and belief, ASUS makes, sells, advertises, offers for sale, uses, or otherwise provides personal computer, laptops, and devices that include an operation frequency adjusting system and method covered by the Patents-in-Suit, including but not limited to, the "Accused Products," as set forth below:

- ASUS Vivobook Pro 16 OLED
- ASUS Vivobook 14X OLED
- ASUS Vivobook 15
- ASUS Vivobook Pro 15 OLED (K6500)
- ASUS Vivobook S 14 OLED
- ASUS Vivobook S 16 OLED
- ASUS Vivobook Pro 15 OLED
- ASUS Zenbook 14 OLED (UX3402)
- ASUS Zenbook 14 Flip OLED (UP5401ZA)
- ASUS Zenbook DUO
- ASUS Zenbook 14 OLED
- ASUS ROG Strix Scar G533
- ASUS ROG (Model with i7-12700H)
- ASUS ROG (Model with i7-12650H)
- ASUS TUF Gaming (Model with i7-12700H)
- ASUS Laptop with i5-12500H
- ASUS Tower PCs / Gaming Tower PCs
- ASUS Mini PCs / NUCs
- ASUS All-in-One PCs

13. Collectively, all the foregoing, including all configurations and augmentations thereof, are referred to herein as the "Accused Products."



Fig. 1 - Screenshot for ExpertBook B1 and its Specs, of the Accused Products practicing the inventions of the Patents-in-Suit, available at https://shop.asus.com/us/90nx0811-m00vd0-asus-expertbook-b1-b1403.html?gad_source=1&gad_campaignid=22175046695&gbraid=0AAAAACzDM80uoJLfk8i3q2RVmaE7OkxsY&gclid=CjwKCAjw-svEBhB6EiwAEzSdrsVLkl9tIT4QLaJgVN380d-JeLQqxh4F0beIhZDDI5JlGPMB1uFPRBoCChAQAvD_BwE .

## COUNT I
### Infringement of U.S. Patent No. 8,407,411

14. Plaintiff incorporates the above paragraphs by reference.

15. Defendant has been on actual notice of the '411 Patent at least as early as the date it received service of the Original Complaint in this litigation.

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT                                                                         7

16. Plaintiff or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '411 patent, thus the damages period begins at least as early as six years prior to the date of service of the Original Complaint in this litigation.

17. Defendant manufactures, sells, offers for sale, owns, directs, and/or controls the operation of the Accused Products and generates substantial financial revenues and benefits therefrom.

18. Defendant has directly infringed and continues to directly infringe the claims of the '411 Patent. As shown above, Claim 1 is infringed by making, using, importing, selling, and/or offering for sale the Accused Products.  Defendant directly makes and sells the infringing Accused Products at least because it is solely responsible for putting the infringing systems into service by directing or controlling the systems as a whole and by obtaining the benefits therefrom.

19. Further on information and belief, Defendant directly uses the infringing Accused Products at least because it assembled the combined infringing elements and makes them collectively available in the United States, including via its Internet domain web pages and/or software applications, as well as via its internal systems and interfaces.  Further, and on information and belief, Defendant has directly infringed by using the infringing Accused Products as part of its ongoing and regular testing and/or internal legal compliance activities.  Such testing and/or legal compliance necessarily requires Defendant to make and use the Accused Products in an infringing manner.  Still further, Defendant is a direct infringer by virtue of its branding and marketing activities, which collectively comprise the sale and offering for sale of the infringing Accused Products.

20. As shown above, Defendant is making, using, and offering for sale the Accused Products.

21. Additionally, upon information and belief, Defendant owns, directs, and/or controls the infringing systems and method operation of the Accused Products.

22. On information and belief, the infringement of the '411 Patent by Defendant will now be willful through the filing and service of this Complaint. The '411 Patent is not expected to expire before April 20, 2027.

23. In addition or in the alternative, on information and belief, Defendant has a policy or practice against investigating third party patent rights, and its willful blindness qualifies for requisite knowledge of the '605 Patent. *See Estech Sys. IP, LLC v. Carvana, LLC*, No. 2:21-CV-0482-JRG-RSP, 2022 WL 17727752, at *2 (E.D. Tex. Sept. 26, 2022) (noting such an allegation is sufficient "because it provides fair notice of the allegation and the grounds upon which it rests"). Thus, the infringement of the '411 Patent by Defendant is willful.

24. In addition or in the alternative, Defendant, through its willful blindness which qualifies for requisite knowledge, indirectly infringed by way of inducing direct infringement by Defendant's customers and/or contributing to the infringement by Defendant's customers of the '411 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, infringing services for use in systems that fall within the scope of the claims of the '411 Patent. This includes without limitation, one or more of the Accused Products by making, using, importing offering for sale, and/or selling such services, Defendant injured Plaintiff and is thus liable to Plaintiff for infringement of the '411 Patent under 35 U.S.C. § 271.

25. Defendant, through its willful blindness which qualifies for requisite knowledge, induced infringement under Title 35 U.S.C. § 271(b). Defendant performed actions that induced infringing acts that Defendant knew or should have known would induce actual infringements. *See Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 553 (Fed.Cir.1990), quoted in *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed.Cir.2006) (*en banc* in relevant part). "[A] finding of

inducement requires a threshold finding of direct infringement—either a finding of specific instances of direct infringement or a finding that the accused products necessarily infringe." *Ricoh*, 550 F.3d at 1341 (citing *ACCO Brands, Inc. v. ABA Locks Manufacturer Co.*, 501 F.3d 1307, 1313, (Fed. Cir. 2007).

26. Plaintiff will rely on direct and/or circumstantial evidence to prove the intent element. *See Fuji Photo Film Co. v. Jazz Photo Corp.*, 394 F.3d 1368, 1377 (Fed. Cir. 2005) ("A patentee may prove intent through circumstantial evidence."); *Water Techs. Corp. v. Calco, Ltd.*, 850 F.2d 660, 668 (Fed. Cir. 1988) ("While proof of intent is necessary, direct evidence is not required; rather, circumstantial evidence may suffice.").

27. Defendant has taken active steps to induce infringement, such as advertising an infringing use, which supports a finding of an intention for the accused product to be used in an infringing manner. *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 932, 125 S. Ct. 2764, 162 L. Ed. 2d 781 (2005) (explaining that the contributory infringement doctrine "was devised to identify instances in which it may be presumed from distribution of an article in commerce that the distributor intended the article to be used to infringe another's patent, and so may justly be held liable for that infringement").

28. As one non-limiting example, Defendant, with knowledge that the Accused Products infringe, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '411 Patent by providing product manuals that instruct its customers and end users how to use the Accused Products, including specifically how to perform the posting and un-posting files and messages while using the TikTok web based system or TikTok app. The customer and end user is provided with the functionality to instantly stop sharing files or folders without physically deleting the files or folder. Defendant has induced infringement by the customers and

28. end users with the intent to cause infringing acts by them, in the alternative, with the belief that there is a high probability that they infringe the '411 Patent, but while willfully infringing and/or remaining willfully blind to the infringement.

29. The foregoing infringement on the part of Defendant has caused past and ongoing injury to Plaintiff. The specific dollar amount of damages adequate to compensate for the infringement shall be determined at trial but is in no event less than a reasonable royalty from the date of first infringement to the expiration of the '411 Patent.

30. Each of Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court enter judgment against Defendant as follows:

1. Declaring that Defendant has infringed the Patents-in-Suit;

2. Awarding Plaintiff its damages suffered because of Defendant's infringement of the Patents-in-Suit;

3. Enter a judgment awarding treble damages pursuant to 35 U.S.C. §284 for Defendant's willful infringement of the Patents-in-Suit;

4. Awarding Plaintiff its costs, reasonable attorneys' fees, expenses, and interest; and

5. Granting Plaintiff such further relief as the Court finds appropriate.

## JURY DEMAND

Plaintiff demands trial by jury, under Fed. R. Civ. P. 38.

Respectfully Submitted

*/s/* Christopher A. Honea
M. Scott Fuller
   Texas Bar No. 24036607
   sfuller@ghiplaw.com
Randall Garteiser
   Texas Bar No. 24038912
   rgarteiser@ghiplaw.com
Christopher A. Honea
   Texas Bar No. 24059967
   chonea@ghiplaw.com

**GARTEISER HONEA, PLLC**
119 W. Ferguson Street
Tyler, Texas 75702
Telephone: (903) 705-7420
Facsimile: (903) 405-3999

**ATTORNEYS FOR PLAINTIFF**